IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

JIMMY BOWMAN,

    Plaintiff,

v.                                    Civil Action No. 3:15CV521

J.T. MANN;
DET. BRYANT,

    Defendants.

**MEMORANDUM OPINION**

Jimmy Bowman, a Virginia inmate proceeding pro se and in forma pauperis, has filed this 42 U.S.C. § 1983 action.[1] By Memorandum Order entered on March 16, 2016, the Court directed Bowman to submit a Particularized Complaint. (ECF No. 12, at 2-3.) Bowman complied with the Court's directive and submitted his Particularized Complaint. (ECF No. 13.) The matter is before the Court on the Motion to Dismiss filed by Defendants

---

[1] The statute provides, in pertinent part:

> Every person who, under color of any statute . . . of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law . . . .

42 U.S.C. § 1983.

Mann and Bryant.[2] (ECF No. 19.) Bowman has responded (ECF No. 24), and Defendants have filed a reply (ECF No. 25). For the reasons stated below, the Court will grant the Motion to Dismiss.

## I. STANDARD FOR MOTION TO DISMISS

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir. 1992) (citing 5A Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1356 (1990)). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. Mylan Labs., Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993); see also Martin, 980 F.2d at 952. This principle applies only to factual allegations, however, and "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009).

---

[2] Mann and Bryant are detectives with the Prince George, Virginia Police Department. (Part. Compl. 1, ECF No. 13.)

2

The Federal Rules of Civil Procedure "require[] only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (second alteration in original) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). Plaintiffs cannot satisfy this standard with complaints containing only "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." Id. (citations omitted). Instead, a plaintiff must allege facts sufficient "to raise a right to relief above the speculative level," id. (citation omitted), stating a claim that is "plausible on its face," id. at 570, rather than merely "conceivable." Id. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (citing Bell Atl. Corp., 550 U.S. at 556). In order for a claim or complaint to survive dismissal for failure to state a claim, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." Bass v. E.I. DuPont de Nemours & Co., 324 F.3d 761, 765 (4th Cir. 2003) (citing Dickson v. Microsoft Corp., 309 F.3d 193, 213 (4th Cir. 2002); Iodice v. United States, 289 F.3d 270, 281 (4th Cir. 2002)). Lastly, while the Court liberally

3

construes pro se complaints, Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), it will not act as the inmate's advocate and develop, sua sponte, statutory and constitutional claims that the inmate failed to clearly raise on the face of his complaint. See Brock v. Carroll, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

## II. SUMMARY OF ALLEGATIONS

In his Particularized Complaint, Bowman states:

> 1. On October 11, 2013 a search warrant was executed at 4907 Jefferson Park Rd., Prince George, Va.
> 2. The search warrant specified to search the residence and curtilage. No person(s) were named in the search warrant.
> 3. Plaintiff was an occupant of the residence along with 4 other adults and a[n] infant when the search commenced.
> 4. Plaintiff was arrested and questioned for [the] duration of the search and was never free to leave.

(Part. Compl. 1, ECF No. 13.) Bowman seeks $250,000.00 from each Defendant, as well as a Court Order directing Defendants to "pay the cost of the filing fee for this law suit." (Id. at 3.)

Bowman's Particularized Complaint raises the following claims for relief:

> Claim One: Defendants violated Bowman's rights under the Fourth Amendment[3] by arresting him

---

[3] "The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and

4

|  |  |
|---|---|
|  | without probable cause while the search warrant was executed. (<u>Id.</u> at 1-2.) |
| Claim Two: | Defendants violated Bowman's right to be free from self-incrimination under the Fifth Amendment[4] by "illegally detain[ing] and question[ing]" him. (<u>Id.</u> at 2.) |
| Claim Three: | Defendants violated Bowman's rights to (a) due process and (b) equal protection under the Fourteenth Amendment[5] when Bowman was "illegally detained and question[ed] without being read <u>Miranda</u>[6] rights." (<u>Id.</u> at 2-3 (emphasis added).) |
| Claim Four: | Defendants violated Bowman's right to due process under the Virginia Constitution[7] when Bowman was "illegally detained and question[ed] without being read <u>Miranda</u> rights." (<u>Id.</u> at 2-3 (emphasis added).) |

---

seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized." U.S. Const. amend. IV.

[4] "No person shall . . . be compelled in any criminal case to be a witness against himself." U.S. Const. amend. V.

[5] "No State shall . . . deprive any person of life, liberty, or property, without due process of law, nor deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV, § 1.

[6] <u>Miranda v. Arizona</u>, 384 U.S. 436 (1966).

[7] "That no persons shall be deprived of his life, liberty, or property without due process of law . . . ." Va. Const. art. I, § 11.

5

## III. ANALYSIS

### A. Fourth Amendment Claim

In Claim One, Bowman contends that Defendants violated his rights under the Fourth Amendment by "arrest[ing him] without probable cause" while the search warrant was executed. (Part. Compl. 1.) Bowman was an occupant of the house at the time the search was conducted. (Id.) In his Response, Bowman indicates that he "was handcuffed at the onset of the search and remained so for the duration." (Resp. 1.)

The Fourth Amendment protects individuals "against unreasonable searches and seizures." U.S. Const. amend IV. However, the Supreme Court has "held that officers executing a search warrant for contraband have the authority 'to detain the occupants of the premises while a proper search is conducted.'" Muehler v. Mena, 544 U.S. 93, 98 (2005) (quoting Michigan v. Summers, 452 U.S. 692, 705 (1981)). Moreover, "[a]n officer's authority to detain incident to a search is categorical; it does not depend on the 'quantum of proof justifying detention or the extent of the intrusion to be imposed by the seizure.'" Id. (quoting Summers, 452 U.S. at 705 n.19). Furthermore, "the need to detain multiple occupants [makes] the use of handcuffs all the more reasonable." Id. (citing Maryland v. Wilson, 519 U.S. 408, 414 (1997)).

6

Here, Bowman was one of several occupants of 4907 Jefferson Park Road at the time of the search, and a search warrant had been issued for the search of that residence. Thus, Bowman's detention during the duration of the search, as well as Defendants' use of handcuffs, were reasonable. See id. at 99-100 (concluding same regarding two- to three-hour detention, in handcuffs, of occupants during execution of a search warrant for gang-related activity); Bills v. City of Rialto, 157 F. App'x 981, 983-84 (9th Cir. 2005) (concluding that use of handcuffs on homeowner during search that lasted approximately an hour was permissible). Because no Fourth Amendment violation occurred, Claim One will be dismissed.

B. **Fifth Amendment Claim**

In Claim Two, Bowman alleges that Defendants violated his right to be free from self-incrimination under the Fifth Amendment by "illegally detain[ing] and question[ing] him." (Part. Compl. 2.) The Self-Incrimination Clause requires that "[n]o persons . . . shall be compelled in any criminal case to be a witness against himself." U.S. Const. amend. V. A plurality of the Supreme Court has held, however, that "[s]tatements compelled by police interrogation of course may not be used against a defendant at trial, but it is not until their use in a criminal case that a violation of the Self-Incrimination Clause occurs." Chavez v. Martinez, 538 U.S. 760,

7

767 (2003) (internal citations omitted). Here, Bowman "does not allege any <u>trial</u> action that violated his Fifth Amendment rights; thus, <u>ipso facto</u>, his claim fails on the [<u>Chavez</u>] plurality's reasoning." <u>Burrell v. Virginia</u>, 395 F.3d 508, 514 (4th Cir. 2005) (dismissing plaintiff's § 1983 claim where the complaint failed to indicate plaintiff's statements were used in a court proceeding). Accordingly, Claim Two lacks merit and will be dismissed.

C. **Fourteenth Amendment Claim**

In Claim Three (a), Bowman contends that Defendants violated his right to due process under the Fourteenth Amendment by "illegally detain[ing] and question[ing him] without being read <u>Miranda</u> rights." (Part. Compl. 2-3.) However, the Supreme Court has explained "that where another provision of the Constitution 'provides an explicit textual source of constitutional protection,' a court must assess a plaintiff's claims under that explicit provision and 'not the more generalized notion of substantive due process.'" <u>Conn v. Gabbert</u>, 526 U.S. 286, 293 (some internal quotations omitted) (quoting <u>Graham v. Connor</u>, 490 U.S. 386, 395 (1989)). As discussed above, Bowman's claims regarding his detention and subsequent questioning fall under the ambit of the Fourth and Fifth Amendment. Because Bowman cannot maintain a general due process claim, Claim Three (a) will be dismissed.

8

In Claim Three (b), Bowman alleges that Defendants violated his right to equal protection under the Fourteenth Amendment when they "illegally detained and question[ed] [him] without [reading him his] Miranda rights." (Part. Comp. 3.) "The Equal Protection Clause . . . is essentially a direction that all persons similarly situated should be treated alike." City of Cleburne v. Cleburne Living Ctr., 473 U .S. 432, 439 (1985) (citing Plyler v. Doe, 457 U.S. 202, 216 (1982)). Bowman fails to allege facts suggesting that he was treated differently than any other occupant of the residence that was searched. Accordingly, Claim Three (b) will be dismissed.

4. **Virginia Constitution Claim**

In Claim Four, Bowman alleges that Defendants violated his right to due process under the Virginia Constitution when Bowman was "illegally detained and questions without being read Miranda rights." (Part. Compl. 2-3.) Bowman's claim under state law is not cognizable under § 1983. See Clark v. Link, 855 F.2d 156, 161, 163 (4th Cir. 1988). The Court "may decline to exercise supplemental jurisdiction over a claim" if the Court "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Courts "enjoy wide latitude in determining whether or not to retain jurisdiction when all federal claims have been extinguished." Shanaghan v. Cahill, 58 F.3d 106, 110 (4th Cir. 1995) (citing Noble v. White, 996 F.2d

9

797, 799 (5th Cir. 1993)). Because the Court has already dismissed Bowman's federal claims, it declines to exercise supplemental jurisdiction over Claim Four. See Kendall v. City of Chesapeake, 174 F.3d 437, 444 (4th Cir. 1999). Accordingly, Claim Four will be dismissed without prejudice.

## IV. CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss (ECF No. 19) will be granted. Claims One, Two, and Three will be dismissed. Claim Four will be dismissed without prejudice. The action will be dismissed. The Clerk will be directed to note the disposition of the action for purposes of 28 U.S.C. § 1915(g).

The Clerk is directed to send a copy of this Memorandum Opinion to Bowman and counsel of record.

It is so ORDERED.

/s/ REP
Robert E. Payne
Senior United States District Judge

Date: October 17, 2016
Richmond, Virginia